**WO** JKM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Linden Winston Graham,<br><br>    Petitioner,<br><br>vs.<br><br>Alberto Gonzales, et al.,<br><br>    Respondents. | No. CV 05-1559-PHX-EHC (MS)<br><br>**ORDER** |

    On May 25, 2005, Petitioner Linden Winston Graham (A24-594-709) filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and 8 U.S.C. § 1252(b)(5). The action will be dismissed without prejudice to permit Petitioner to pursue his claims in his prior habeas corpus action, Graham v. Gonzales, CV 04-2796-PHX-EHC, which will be transferred by separate order to the United States Court of Appeals for the Ninth Circuit pursuant to § 106(c) of the REAL ID Act of 2005.

    In proceedings before an immigration judge, Petitioner claimed that because he was born in the U.S. Virgin Islands, he is a citizen of the United States. Petitioner argued that the immigration proceedings against him were the result of a misidentification. Petitioner argued that the immigration records that purported to show that he was born in Jamaica related to another person, Winston George Graham. The immigration judge rejected Petitioner's claims and issued an order for his removal to Jamaica. The Board of Immigration Appeals ("BIA") subsequently affirmed the removal order. Petitioner now challenges the final order

of removal on the grounds that he is a citizen of the United States.

On May 11, 2005, the President signed into law the REAL ID Act of 2005. Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005). As amended by the REAL ID Act, 8 U.S.C. § 1252(a)(5) now provides in relevant part:

> (5) EXCLUSIVE MEANS OF REVIEW. – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e).

REAL ID Act §106(a)(1)(B). By this amendment, Congress has deprived this Court of habeas corpus jurisdiction to review an order of removal entered under the Immigration and Nationality Act. Moreover, § 106(b) of the REAL ID Act provides that § 106(a) of the Act is retroactive: "subsection (a) shall take effect upon the date of enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment." REAL ID Act § 106(b).

In addition to stripping the district courts of jurisdiction to review orders of removal, the REAL ID Act also "restored judicial review of constitutional claims and questions of law presented in petitions for review of final removal orders" in the courts of appeals. Fernandez-Ruiz v. Gonzales, 410 F.3d 585, 587 (9th Cir. 2005). Under the prior version of 8 U.S.C. § 1252(a)(2)(C), the courts of appeals were deprived of jurisdiction to review removal orders entered against certain criminal aliens. But § 106(a)(1)(A)(iii) of the REAL ID Act restored jurisdiction in the courts of appeals to review removal orders entered against criminal aliens:

> (D) JUDICIAL REVIEW OF CERTAIN LEGAL CLAIMS. – Nothing in subparagraph (B) or (C), or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

REAL ID Act §106(a)(1)(A)(iii); Fernandez-Ruiz, 410 F.3d at 587. Additionally, § 106(c) of the REAL ID Act provides that if any § 2241 habeas corpus case "challenging a final

1 administrative order of removal . . . **is pending in a district court on the date of enactment**,
2 then the district court shall transfer the case . . . to the [appropriate] court of appeals." REAL
3 ID Act §106(c) (emphasis added).  This action, however, cannot be transferred under §
4 106(c) because it was not pending on the date of enactment.  Although this action will be
5 dismissed for lack of jurisdiction, Petitioner will not be deprived of judicial review of his
6 removal order because by separate order the Court will transfer his prior habeas corpus
7 action, Graham v. Gonzales, CV 04-2796-PHX-EHC, to the United States Court of Appeals
8 for the Ninth Circuit pursuant to § 106(c) of the REAL ID Act.

9     **IT IS THEREFORE ORDERED** that this action is **dismissed** for lack of jurisdiction
10 and the Clerk of Court shall enter judgment accordingly.

12     DATED this 23rd day of September, 2005.

_____
Earl H. Carroll
United States District Judge

- 3 -